UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
VEERJI EXPORTS,

                           Plaintiff,

        -against-

CARLOS ST MARY, INC., CARLOS ST MARY
and BRINK'S GLOBAL SERVICES USA, INC.,

                           Defendants.
-------------------------------------------------------------- X

Doc. No.

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Veerji Exports ("Veerji" or "Plaintiff"), by its attorneys, Phillips Nizer LLP, as and for its Complaint against defendants Carlos St Mary ("Carlos"), Carlos St Mary, Inc. ("CSM"), and Brink's Global Services USA, Inc. ("Brinks"), alleges as follows:

## NATURE OF ACTION

1.       This is an action seeking recovery of $3,274,000, representing the unpaid balance of the purchase price due Veerji from CSM for approximately 286 carats of rough diamonds (the "Veerji Diamonds"), that were wrongly and fraudulently procured by defendants Carlos and CSM on August 4, 2021, without required payment to Veerji, which would not have occurred but for the negligence, gross negligence and/or recklessness of personnel from defendant Brinks who released the Veerji Diamonds to Carlos and CSM without the requisite approval of (or even notice to) Veerji.

## THE PARTIES

2.       Plaintiff Veerji Exports is and was at all times referred to herein a partnership duly organized in and operating under the laws of India, and is an exporter and importer of rough, cut and polished diamonds. Each of the partners at Veerji Exports is a citizens of India.

1

3. Upon information and belief, defendant Carlos St Mary, Inc. is a corporation duly organized and existing in the State of Texas, with a principal place of business at 777 Preston Street, Suite 19D, Houston, Texas.

4. Upon information and belief, Defendant Carlos St Mary is citizen of the state of Texas, residing in the city of Houston. Defendant Carlos St Mary is the chief executive officer and president of Carlos St Mary Inc.

5. Upon information and belief, defendant Brink's Global Services USA, Inc., is a business duly organized and incorporated in the State of Delaware, with a business address at 580 Fifth Avenue, New York, New York.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this action under 28 U.S.C. §1332 based upon diversity of citizenship since the parties are citizens of different states or foreign states and the amount in controversy exceed $75,000, exclusive of interest and costs.

7. Venue is proper in this district under 28 U.S.C. § 1391, as this is the judicial district in which one defendant resides, and is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## FACTS COMMON TO ALL COUNTS

8. In or about early April 2021, CSM, by Carlos, inspected and evaluated the Veerji Diamonds. CSM thereafter agreed to purchase, and Veerji agreed to sell, the Veerji Diamonds for sum of $3,275,000.

9. On or about June 14, 2021, in reliance upon its purported expertise in the handling and shipment of precious stones, Veerji delivered the Veerji Diamonds to Brinks Global Services, through its designated agent BVC Brinks Diamond and Jewelry Services LLP, which issued Brinks airway bill no. 99120006815 ("Airway Bill 815"), evidencing the terms and conditions of

the carriage for shipment of the Veerji Diamonds to Houston, Texas, where CSM maintains an office. Upon information and belief, the Veerji Diamonds were insured by Brink's Global Services in the full declared amount of $3,275,000.

10.   As is common practice in the diamond industry, with which both Brinks and Veerji are familiar, merchandise can be held by Brinks and released to a purchaser or consignee only upon further instruction from the shipper-owner.

11.   Consistent with the foregoing practice, on or about June 15, 2021, the following "Handling Information" was included on Airway Bill 815: "HOLD SHIPMENT FOR FUTURE INSTRUCTION."

12.   By letter dated June 15, 2021, Veerji further confirmed to Brinks its "INSTRUCTIONS TO HOLD the parcel," to wit:

> We request you [Brinks] that following its [the Veerji Diamonds] arrival to (Houston-USA), our shipment will remain in the possession and custody of Brink's and will be released to the consignee [CSM] only upon our instruction to Brink's to release the shipment.

13.   Upon information and belief, Brinks personnel were notified, repeatedly, to hold shipment of the Veerji Diamonds under Airway Bill 815 until instructed by Veerji to release same, and such instructions were confirmed internally with and among such personnel at Brinks. In fact, in an email from Brinks to Carlos sent on or about June 24, 2021, Brinks confirmed that it was "waiting for release instructions from India."

14.   CSM understood that Veerji would only authorize Brinks to release the Veerji Diamonds after receipt of the agreed upon payment of $3,275,000 from CSM.

15.   By messages sent through WhatsApp messaging service, Carlos advised Veerji on June 18, 2021, that payment for the Veerji Diamonds would be delayed because his "wife

surprised me for Father's Day and had the pilot take me to a private island so I won't be back to send the wire today."

16. Upon information and belief, the Veerji Diamonds were delivered to the Brinks office in Houston, Texas, under Airway Bill 815, in late June, 2021.

17. Upon information and belief, the shipment containing the Veerji Diamonds was released to CSM in Houston, Texas, without instructions from or notice to Veerji.

18. Notwithstanding the direction that Brinks not release the Veerji Diamonds until instructed to do so by Veerji, by email dated July 28, 2021, Brinks notified Veerji that "Parcel is in Houston, where it was picked up by customer [CSM], as requested. Customer says he will pay for parcel to return to 580 [Fifth Avenue]."

19. Carlos thereafter advised Veerji that he wanted to view the merchandise before arranging for payment from CSM, and would pay for the Veerji Diamonds to be shipped, through Brinks, to the New York City office of Brinks which had an on-site facility to allow for secure inspections.

20. Upon information and belief, Carlos or CSM returned the shipment with the Veerji Diamonds to Brinks and, on or about July 30, 2021, CSM paid to Brinks the sum of $1,503.37 for shipment of the Veerji Diamonds from Houston to New York under airway bill no. 11 02-1207621 ("Airway Bill 621"), where it allegedly could be inspected at the Brinks office at 580 Fifth Avenue, New York, New York.

21. On or about July 30, 2021, Brinks issued Airway Bill No. 621, for shipment of the Veerji Diamonds originating in Houston, Texas, for delivery to the Brinks office at 580 Fifth Avenue, New York, New York.

4

3371246.1

22. Veerji did not execute any documents, or enter into any agreement with respect to Airway Bill No. 621, but Brinks understood and agreed that the Veerji Diamonds would be held at 580 Fifth Avenue until it was directed to release the shipment by Veerji. Upon acceptance of the Veerji Diamonds, Brinks became a bailee and was obligated to assure the security of the Veerji Diamonds until directed to release same by Veerji.

23. Upon information and belief, by acts of negligence, gross negligence and/or recklessness, Brinks Airway Bill No. 621 did not include instructions to hold the Veerji Diamonds pending instructions from Veerji, or that the package should "be released to the consignee [CSM] only upon our [Veerji] instructions to Brink's to release the shipment" as set forth in the Veerji letter dated June 15, 2021. Instead, Brinks identified the shipment originating from Houston as a return of diamonds to New York City, which allowed them to be retrieved by Carlos without any restrictions or even notice to Veerji.

24. On or about August 4, 2021, at approximately 10:00 a.m., Brinks released the Veerji Diamonds to Carlos, notwithstanding the instructions from Veerji that they should be released by Brinks only upon instruction from Veerji. In fact, Brinks never advised Veerji that the package was delivered. Upon information and belief, no effort was made by Brinks to secure permission from Veerji before releasing the Veerji Diamonds to Carlos.

25. Carlos, knowing that he did not have the permission, authority or right to take the Veerji Diamonds from the Brinks New York City office, fraudulently misrepresented to Veerji, on multiple occasions, that the Veerji Diamonds were still secured with Brinks. Upon information and belief, Carlos made such misrepresentations and omissions with knowledge of their falsity and with the intent to deceive and defraud Veerji.

26.     On August 5, 2021, notwithstanding the fact that he had the Veerji Diamonds, Carlos advised Veerji: "Working diligently to process [inspect the Veerji Diamonds]. Expect to finish by the end of the week."

27.     On August 6, 2021, Carlos wrote to Veerji: "GM guys… I had to make a quick trip but will be back Monday. Package is in NY and they [Brinks] will allow me to view. Sorry for the delay." Later that same day Carlos falsely advised Veerji that the Veerji Diamonds are "arriving [at Brinks in New York] today."

28.     On August 10, 2021, six days after securing the Veerji Diamonds from Brinks, Carlos falsely advised Veerji that he was (together with "one of my cutters") arranging to view the Veerji Diamonds at Brinks. Carlos later that day advised Veerji that he could not view the Veerji Diamonds at Brinks. He did not disclose that he had already taken the Veerji Diamonds from Brinks.

29.     On August 12, 2021, Carlos advised Veerji that "[t]here are some issues with color and GIA but we're resolving them the lab should be back tomorrow or Monday." Again, as of August 12, 2021, Carlos failed to disclose that he had the Veerji Diamonds in his possession and they were no longer in the custody of Brinks, and Brinks did not advise Veerji that it released the Veerji Diamonds to Carlos.

30.     On August 30, 2021, Carlos represented to Veerji that payment for the Veerji Diamonds from CSM would be forthcoming, but still did not disclose that Brinks had released the Veerji Diamonds to him on August 4, 2021. Notwithstanding this representation, no payment was made, but Veerji reasonably understood and expected that the Veerji Diamonds were secured in the care and custody of Brinks.

3371246.1

31. On September 7, 2021, in response to numerous requests to CSM from Veerji for payment for the Veerji Diamonds, Carlos advised Veerji: "No chance today gentleman banking holiday and Roshashan [sic] this week." He assured Veerji that payment "will be this week. I have a lot of stones in production and will finish with our business also. Don't worry guys… I have done $33m this month already… trust me I want to finish this week just have too much stuff on my plate…"

32. On September 19, 2021, after further requests from Veerji for payment (so that the Veerji Diamonds could be released from Brinks), Carlos advised:

> Hey guys… sorry I was travel all day yesterday. I will come back to you by morning with a plan for this week. It's a tough month for me as there are only 4 more working days in this month…. As I explained last week… my rough fund only has 1.2m in it right now and 36m in production. My polished fund has more liquidity but I cannot co-intermingle those funds. I expected to have my other stones back from the cutters … but their Jewish holidays are messing up my plans. I'll get everything cleared up shortly.

33. Later on September 19, 2021, Veerji reminded Carlos that Brinks "charges per day for their custody." Carlos did not disclose that the Veerji Diamonds were not at Brinks. Instead, he responded: "Not ur prob… I have it handled with Brinks."

34. For weeks after securing the Veerji Diamonds, but while not disclosing that he had them, Carlos represented to Veerji that he would be sending payment from CSM so that the Veerji Diamonds could be released from Brinks, which is where Veerji understood its merchandise was being held.

35. On July 16, 2021, CSM wired Veerji $1,000, allegedly to confirm the proper account number for payment of the balance due for the Veerji Diamonds.

36. On several occasions after August 4, 2021, Veerji communicated with Brinks about the Veerji Diamonds, but Brinks did not disclose that its personnel had released the valuable merchandise to CSM through Carlos.

37. While payment for the Veerji Diamonds was not forthcoming from CSM, Veerji was secure in the belief that they would not be released by Brinks without receipt of instructions to do so from Veerji, and that Brinks would advise Veerji when CSM took possession.

38. On or about September 24, 2021, and in response to numerous requests to CSM by Veerji for payment of the Veerji Diamonds, Carlos left the following voice mail message for Veerji:

> Right now, both of you guys [at Veerji] can kiss my fucking ass. I'm not doing this shit. Go pick up the fuck'n stones up [at Brinks]. You know what, the more I explain to the two of you stupid mother fuckers, you both don't understand shit. So don't call me and don't ask me for anything else. I'm done.

Of course, the "stones" were not at Brinks. They had been taken by Carlos on August 4, 2021, a fact that was not known to Veerji.

39. On or about September 27, 2021, Veerji advised Brinks that it should return the shipment containing the Veerji Diamonds because Carlos "is not able to do the payments from the last 2-3 months." The next day, on September 28, 2021, still hoping to secure payment from CSM, Veerji advised Brinks to hold the shipment for several more days. Upon information and belief, recognizing that its personnel had acted with negligence, gross negligence and/or recklessness, Brinks did not immediately disclose to Veerji that it had released the Veerji Diamonds to Carlos on August 4, 2021.

8

40. Upon information and belief, on or about September 28, 2021, and for days thereafter, personnel from Brinks attempted to reach Carlos to secure return of the Veerji Diamonds that it had released to him without the approval (or even knowledge) of Veerji.

41. Upon information and belief, despite multiple requests, CSM would not return the Veerji Diamonds to Brinks.

42. On October 6, 2021, Brinks finally advised Veerji that it had released the Veerji Diamonds to Carlos (CSM) on August 4, 2021.

43. After repeated inquiries directed to Brinks after October 6, 2021, about how the Veerji Diamonds came to be released to CSM, Veerji received only the following through a Brinks-related entity on October 11, 2021:

> Sorry for the late reply Regarding your Shipment of Carles [sic] St Mary Inc. We are in talk with our US Brinks Team.  Last Friday we received Mail from our Brinks US and they informed us that they have talk with Carlos and the owner was out of town so he inform to talk next week means this week in this matter and also informed to Our Brinks team that Carlos has also talked with Shipper (Veerji Export) on last Friday.  Kindly update if you have got any update from Consignee.  We are continuously in contact with our Brinks team and waiting for some Positive Reply.
>
> We will update you as soon as we receive any update from Brinks US Team.
>
> Once again Sorry for Late Reply.

At no time has Brinks provided an explanation as to how it came to release the Veerji Diamonds to Carlos or CSM on August 4, 2021.

44. Upon information and belief, Brinks has taken steps after October 6, 2021, to secure payment or return of the Veerji Diamonds, but no payment has been made by CSM and the Veerji Diamonds have not been returned.

45.     Having learned that the Veerji Diamonds were delivered to CSM, Veerji continued to communicate with Carlos in an effort to secure payment from CSM. On several occasions in mid-October 2021, Carlos claimed that he was arranging for immediate payment to Veerji, but that the transaction could not be processed because the branch he used had been "evacuated" due to COVID-19.

46.     On November 2, 2021, Carlos wrote to Veerji: "Payment was made yesterday." On November 3, 2021, Carlos left a voice mail message to advise Veerji that the payment was being processed. Upon information and belief, each of these statements were false and known by Carlos to be false. There was no payment made and no payment was being processed by or on behalf of CSM.

47.     On November 11, 2021, Carlos wrote to Veerji: "YOUR PAYMENT HAS BEEN SENT." Again, no payment was made, and in response to multiple inquiries about the alleged payment, Carlos responded on November 15, 2021, as follows:

> Darshan [at Veerji], let's be clear I'm not a fucking child. I don't need to be called 25 times to be reminded of what needs to be completed. Stop fucking calling me I will call you when I have more information. Is that clear? You actually think by calling me more than that that's going to solve anything? Get a fucking grip. I will call you when I have more information.
>
> Further, I will send you the bank account withdraw from my account so that you can see that the funds have fucking left. Stop fucking calling me every five minutes. I will not answer you if you continue.

48.     On or about November 17, 2021, Carlos sent a screenshot of an alleged CSM Bank of America account statement showing a "pending" transfer of $3,274,000 to Veerji (representing the sale price for the Veerji Diamonds less the $1,000 sent by CSM on July 16,

3371246.1

2021) made on November 17, 2021, but with the wrong account number for Veerji:

| Date | Description | | Amount |
|---|---|---|---|
| 11/09/21 | ELEMETAL DIR USA DES:TRADE PAY ID:   U198327 INDN:CARLOS ST. MARY, INC. CO ID:1454909042 CCD | | 402,019.25 |
| | Total deposits and other credits | | $8,675,019.25 |

**Withdrawals and other debits**

| Date | Description | | Amount |
|---|---|---|---|
| 11/17/21 | WIRE TYPE:INTL OUT DATE:210716 TIME:1317 ET TRN          SERVICE REF:599348 BNF:VEERJI EXPORTS ID:256613338585 BNF BK:INDUSIND BANK LIMITED ID:INDBINBBSUR PMT DET:8CFDMH4LR Ser vices /ACC/INVOICE NO: 88WB-99100006815 | (Pending) | -3,274,000.00 |
| 11/17/21 | DES:* Cash App ID:T200387007188 INDN:CSM Private LLC   CO ID:8800429876 CCD | (Pending) | -207,509.11 |
| 11/17/21 | Zelle Transfer Conf# kio22n3zb; Carlos Saint Mary | | -2,000.00 |

Veerji advised Carlos of this error immediately upon receipt of the communication from Carlos, but Carlos insisted that the payment would go through. (CSM had the Veerji account number from the $1,000 payment it made in July 2021.)

49. On December 7, 2021, after repeated requests about the payment due for the Veerji Diamonds that Carlos secured from Brinks on August 4, 2021, and for which Carlos alleged payment was made on November 17, 2021, Carlos wrote to Veerji:

> Darshan, I am big enough to admit when I'm wrong. I just found out that the funds have been returned to my account. This entire time my banker has told me that the funds were in your account. He assured me that you had already been paid and this is why I responded like I had responded. I am overseas and am on the phone constantly trying to get this resolved for you. This was nothing of your fault as it was not my error either, however I am responsible for getting this payment out. I will have it done as quick as I possibly can. Standby. Again my apologies but I had no idea that it had been returned.

50. Veerji has thereafter repeatedly requested that CSM deliver payment for the Veerji Diamonds. Carlos has responded occasionally promising payment or an update as to when payment would be made. As of this date, CSM has not paid for the Veerji Diamond beyond the $1,000 it paid on July 16, 2021. Nor has CSM returned the Veerji Diamonds to Veerji or Brinks.

11

## COUNT I
## (BREACH OF CONTRACT - CSM)

51. Plaintiff repeats and restates the allegations contained in paragraphs 1 through 50 with the same force and effect as if fully alleged therein.

52. Defendant CSM agreed to purchase and plaintiff Veerji agreed to sell the Veerji Diamonds for the price $3,275,000.

53. Defendant CSM accepted and has retained the Veerji Diamonds, having taken custody and possession of same on August 4, 2021.

54. Defendant CSM has failed to pay plaintiff Veerji, which payment was due before CSM took custody and possession of same.

55. Defendant CSM made a payment of $1,000 to plaintiff Veerji on or about July 16, 2021, towards the purchase price of the Veerji Diamonds.

56. Defendant CSM has failed to pay the remaining balance due plaintiff Veerji for the Veerji Diamonds, in the sum of $3,724,000, which has been demanded from CSM by Veerji on multiple occasions.

57. Defendant CSM repeatedly acknowledged its obligation to pay plaintiff Veerji the sum of $3,274,000, but has failed to make such payment.

58. Defendant has claimed that it attempted to make payment to plaintiff Veerji of $3,274,000, but that said payment was sent to an account number that was not plaintiff Veerji's account.

59. Defendant CSM allegedly received back to its account the $3,274,000 intended for plaintiff Veerji but has failed to remit same to plaintiff Veerji in payment for the Veerji Diamonds.

60. As a direct and proximate result of defendant CSM's failure to pay plaintiff Veerji, in full, for the Veerji Diamonds, plaintiff has been damaged in the amount of $3,274,000, plus the cost and disbursements of this action, and prejudgment interest.

## COUNT II
### (FRAUD/FRAUDULENT MISREPRESENTATION/AIDING AND ABETTING FAUD - CARLOS AND CSM)

61. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 60 with the same force and effect as if fully alleged therein.

62. At all times defendants CSM and Carlos, individually and on behalf of CSM, sought to induce plaintiff Veerji send the Veerji Diamonds from India to the United States with the false and fraudulent promise of payment before CSM would take possession, custody and control of said merchandise.

63. Defendants CSM and Carlos fraudulently and intentionally represented to plaintiff Veerji that CSM would take custody, possession and control of the Veerji Diamonds only after payment in full had been made.

64. Collateral to and following the agreement between defendant CSM and plaintiff Veerji for CSM to purchase the Veerji Diamonds for $3,275,000, defendants CSM and Carlos requested, and plaintiff Veerji agreed, to allow Carlos to inspect the Veerji Diamonds at the offices of defendant Brinks at 580 Fifth Avenue, New York, New York, to insure that they were in fact the merchandise that CSM inspected and agreed to purchase. Defendants CSM and Carlos represented to Veerji that the Veerji Diamonds would not be removed from the facility at defendant Brinks until after payment had been made to plaintiff Veerji.

65. At all times herein, defendants CSM and Carlos knew the aforesaid representations were false, and Carlos had actual knowledge of the fraud being perpetrated on Veerji and provided CSM with substantial assistance in achievement of the fraud. .

66. At the time that these representations were made, plaintiff Veerji did not know the truth with respect to the intentions of Carlos or CSM.

67. Plaintiff Veerji believed the aforesaid defendants' representations to be true at the time they were made and detrimentally relied on these fraudulent representations.

68. On August 4, 2021, defendant Carlos took the Veerji Diamonds from the Brinks facility at 580 Fifth Avenue, New York, New York, without payment from defendant CSM and without disclosure to Veerji that he had done so.

69. Defendant thereafter Carlos concealed from Veerji the fact that on August 4, 2021, he had taken the Veerji Diamonds from the Brinks facility at 580 Fifth Avenue, New York, New York.

70. Had plaintiff Veerji known of defendants' true intentions to secure the Veerji Diamonds without payment, and/or take them from the Brinks facility at 580 Fifth Avenue, New York, New York without payment, plaintiff Veerji would never have shipped the Veerji Diamonds and would never have allowed the Veerji Diamonds to be sent from Houston to New York City.

71. By falsely representing to plaintiff Veerji that the Veerji Diamonds would remain at Brinks until payment was made the defendants, CSM and Carlos, deceived and defrauded plaintiff Veerji, and Carlos also aided and abetted the fraud engaged in by CSM.

72. As a direct and proximate result of defendants' fraudulent acts and omissions, about which Carlos had knowledge and provided substantial assistance, plaintiff Veerji has been damaged, which damages amount to at least $3,274,000.

3371246.1

73. By reason of the nature of the acts alleged and their deliberate, willful and intentional nature, defendants CSM and Carlos are also liable to plaintiff Veerji for punitive damages in a sum to be determined at trial.

## COUNT III
### (GROSS NEGLIGENCE - BRINKS)

74. Plaintiff repeats and reiterates the allegations of paragraphs 1 through 73 with the same force and effect as if fully alleged therein.

75. As a carrier entrusted with valuable merchandise, defendant Brinks had a duty to handle plaintiff's merchandise (the Veerji Diamonds) with the utmost care and adequately and completely transfer and secure the merchandise entrusted to it.

76. Defendant Brinks had a duty to take all reasonable precautions to protect the Veerji Diamonds.

77. Defendant Brinks had a duty to plaintiff to employ proper security in the transport and delivery of the Veerji Diamonds and to alert personnel at Brinks to the instructions given to company by customers such as plaintiff Veerji.

78. Defendant Brinks was grossly negligent and/or reckless in failing to secure the Veerji Diamonds, and by allowing defendant Carlos to take them from the Brinks office at 580 Fifth Avenue, New York, New York, without instructions from or even notice to plaintiff Veerji.

79. As a proximate result of such gross negligence and/or recklessness by defendant Brinks, reflecting a reckless indifference to the rights of plaintiff Veerji, and failure to exercise even the slightest care for its property and instructions, plaintiff Veerji sustained damages in the amount of at least $3,274,000.

## COUNT IV
## (NEGLIGENCE/BAILMENT - BRINKS)

80. Plaintiff repeats and reiterates the allegations of paragraphs 1 through 79 with the same force and effect as if fully alleged therein.

81. Defendant Brinks owed plaintiff Veerji a duty of care to safeguard the Veerji Diamonds and to release them to defendant CSM only upon receipt of an instruction to do so from Veerji.

82. Further, defendant Brinks received the Veerji Diamonds in Houston, Texas, with an understanding that it was for a particular purpose, and there was an understanding that the merchandise would be released by defendant Brinks to defendant CSM in New York City only when instructed to do so by Veerji. This created a bailment for the benefit of the parties, and thus defendant Brinks owed plaintiff Veerji an ordinary or reasonable degree of care of the Veerji Diamonds, which defendant negligently failed to adhere to.

83. By releasing to defendant Carlos (on behalf of defendant CSM) the Veerji Diamonds it accepted and transported from Houston to New York City, without first securing instructions from plaintiff Veerji, and without even seeking such instructions, defendant Brinks breached its duty to plaintiff Veerji, which suffered damages in the amount of $3,274,000, plus the cost of attorney's fees and costs associated with this action.

**WHEREFORE**, Plaintiff respectfully requests as follows:

(a) Plaintiff Veerji Exports be awarded $3,274,000 as compensatory damages, together with prejudgment interest, for breach of contract against defendant Carlos St Mary Inc. on Count I of this Complaint;

3371246.1

   (b) Plaintiff Veerji Exports be awarded an amount to be determined at trial, but no less than $3,274,000, as damages against defendant Carlos St Mary and Carlos St Mary Inc. for the claims of fraud and fraudulent misrepresentation asserted in Count II;

   (c) Plaintiff Veerji Exports be awarded an amount to be determined at trial, but no less than $3,274,000, as damages against defendant Brinks Global Services USA, Inc. for negligence and gross negligence asserted in Counts III and IV; and

   (d) that Plaintiff Veerji be awarded such other and further relief, including prejudgment interest, costs and reasonable attorney's fees, as this Court may deem just and equitable.

Dated: New York, New York
   April 26, 2022

               PHILLIPS NIZER LLP
               *Attorneys for Plaintiff Veerji Exports*

               By: _____
                Michael S. Fischman
                485 Lexington Avenue, 14th Floor
                New York, New York 10017
                (212) 977-9700

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civic Procedure 38(b), Veerji Exports hereby demands trial by jury as to all claims in this litigation.

Dated:  New York, New York
        April 26, 2022

                                                  PHILLIPS NIZER LLP

                                                By: _____
                                                      Michael S. Fischman
                                                      485 Lexington Avenue
                                                      New York, New York 10017
                                                      (212) 977-9700
                                                      Attorneys for Plaintiff

3371246.1