

**WADE CLARK MULCAHY LLP | ATTORNEYS**

180 Maiden Lane Suite 901 | New York | NY 10038 | 212.267.1900 | 212.267.9470 Fax | www.wcmlaw.com

July 8, 2022

*Via Electronic Filing (ECF) to PACER*

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Plaintiff shall file a responsive letter, not to exceed three pages, by **July 15, 2022**.

So Ordered.

Dated: July 11, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:  Veerji Exports v. Carlos St. Mary, Inc., Carlos St. Mary, and Brink's Global Services USA, Inc.
Docket No.: 1:22-cv-03661 (LGS)

Dear Judge Schofield:

Our office represents defendant Brink's Global Services USA, Inc. ("Brink's") in this matter. We seek leave of this Court to move to dismiss and compel arbitration of plaintiff's claims against Brink's, in lieu of an answer, pursuant to the broad arbitration clause in the Brink's Global Services Valuable Transport Terms and Conditions ("the Contract"). Should the Court grant Brink's leave, Brink's respectfully requests that this Court stay discovery pending the resolution of that motion.

**I. Brief Statement of Relevant Facts**

In June 2021, plaintiff, an India-based importer/exporter of diamonds, contracted with a Brink's designated agent ("BVC") based in India for the shipment of diamonds to a Houston-based would-be buyer, the defaulting co-defendant Carlos St. Mary. BVC issued plaintiff an airway bill for the shipment. As is standard practice in the industry, and well-known to plaintiff given the dozens of times it has shipped through Brink's, the Contract is on the back of the airway bill.

**II. The Arbitration Clause**

The Choice of Law and Arbitration clause ("the arbitration clause") of the Contract states:

> You and Brink's agree that, except as otherwise set forth below in the Section XI.B. or in Section VI, (a) this Contract and all transactions hereunder involving any part of transportation of a **Shipment originating outside of the U.S.A.** and any disputes of whatever nature arising in relation thereto **shall be governed by and construed exclusively in accordance with the laws of England and Wales and any claim or dispute arising out of or relating to the Contract or any Shipment shall be exclusively settled by arbitration in London, England**. […] [A]rbitrations in London shall be (a) confidential, (b) conducted under the Rules of Arbitration of the International Chamber of Commerce, and (c) conducted in English before a single arbitrator experienced in the commercial transport of goods who shall be

chosen by the International Chamber of Commerce Court of International Arbitration…. Section XI(B)(1).

The Contract defines a "shipment" as "one or more sealed or locked container(s) of Property, collected or received by Brink's at one place at any one time, with one or more designated Destinations or Consignees." The shipment originated in India, where plaintiff operates and contracted with Brink's to ship to the consignee St. Mary. Accordingly, the allegations against Brink's can only be heard in London.

### III. Plaintiff Agreed to the Arbitration Clause

The Federal Arbitration Act ("FAA") evinces a "liberal federal policy favoring arbitration agreements." *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). In deciding a motion to compel arbitration, courts assess whether the parties agreed to arbitrate and the scope of that agreement. *See Molina v. Harvard Maintenance*, 20-Civ-10993 (LGS), 2021 WL 5281098, at *2 (S.D.N.Y. Nov. 11, 2021). Courts have recognized that the FAA does not require a signed writing, only a writing. *Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 76 (S.D.N.Y. 2015), aff'd 659 F. App'x 40 (2d Cir. 2016). Courts will look to traditional indicia, like conduct in the course of transactions to demonstrate the existence of a contract. *Scone Invs., L.P. v. Am. Third Mkt. Corp.*, 992 F. Supp. 378, 380–81 (S.D.N.Y. 1998).

Here, plaintiff's course of conduct sufficiently demonstrates an agreement with Brink's. Plaintiff has been doing business with Brink's for over eight years, sending dozens of shipments of merchandise totaling millions of dollars. Notably, some of these shipments have occurred after the events alleged. Plaintiff acknowledged the terms and conditions attached to the airway bill. *See* Complaint at ¶ 9; *New Am. Restoration, Inc. v. WDF, Inc.*, No. 10-Civ-3638 (RMB), 2014 WL 4467736, at 8 (S.D.N.Y. Aug. 27, 2014) (pointing to plaintiff's own allegations that acknowledged contract). And in plaintiff's June 15, 2021, letter releasing Brink's from liability for the very claims plaintiff now brings, plaintiff favorably refers to the Contract.

Plaintiff has no such contract with co-defendant St. Mary, but Your Honor has already directed plaintiff to commence default proceedings against him, leaving the claims against Brink's as the only remaining claims in this Court. These claims belong in arbitration, pursuant to the Contract.

### IV. The Shipment Originated Outside of the United States

The Court should give the word "originating" its ordinary meaning. A "port of origin" is "a place from where a consignment has begun its carriage by sea." Black's Law Dictionary, 2d ed. online 2022. Plaintiff is an India-based diamond merchant and contracted with Brink's in India from where the shipment was sent. Accordingly, the shipment originated in India.

That the shipment had an unanticipated extra leg of its journey in Houston en route to St. Mary in New York does not alter its origin. At no point between plaintiff's shipping the diamonds from India to St. Mary's taking possession of them on August 4, 2021, did the shipment leave Brink's

custody.[1]  Indeed, plaintiff at all times was and rightly considered itself the shipper.  Until the shipment reached the designated consignee – St. Mary – it was always one, continuous shipment that originated in India – even if it took nearly a month-and-a-half to reach him.

### V. Discovery Should be Stayed

Brink's respectfully requests that discovery be stayed pending resolution of the intended motion to dismiss and compel arbitration.  The Contract dictates that the International Court of Arbitration in London has authority over all discovery matters.  Particularly given the sensitive nature of the allegations, and as the Contract explicitly states, the confidentiality afforded in such an arbitration is paramount.

A stay in discovery is particularly warranted because even if this Court decides that the Indian shipment originated in Houston, the Contract then requires that the parties settle such a dispute at the "sole option of Brink's, by (i) arbitration under the Rules of Arbitration of the Judicial Arbitration and Mediation Services ("JAMS") or (ii) litigation [in the exclusive jurisdiction of the federal or state court in Manhattan]."  Brink's does not choose litigation.

### VI. Proposed Briefing Schedule

After conferring with plaintiff's counsel, Brink's proposes the following briefing schedule:

-Brink's full motion to dismiss and compel arbitration due August 12, 2022
-Plaintiff's opposition due September 16, 2022
-Brink's reply due September 30, 2022

### VII. Conclusion

For the reasons outlined above, Brink's respectfully requests leave of this Court to move to dismiss plaintiff's claims against Brink's, and compel arbitration of those claims, pursuant to the Veerji-Brink's Contract.  We thank the Court for consideration of this request.

Sincerely,
WADE CLARK MULCAHY LLP

/s/
*Brian Gibbons*
/s/
*Abed Z. Bhuyan*

---

[1] To the extent plaintiff alleges that the Houston-to-New York leg of the trip was a new shipment because the shipment had been released to St. Mary in Houston, Complaint at 17-20, this argument makes little sense.  In light of the broad allegations against St. Mary, the allegation that he obtained the diamonds in Houston only to return them to Brink's and pay to ship them to New York to "view" them there is puzzling.  *Id*.

BG/AB/sg

cc:    Michael Fischman (by ECF)
        Phillips Nizer LLP
        Attorneys for Plaintiff