**PHILLIPS NIZER LLP**

485 Lexington Ave
New York, NY 10017-2643
212.977.9700
Fax 212.262.5152

Defendant Brink's shall file its motion to compel arbitration by **August 12, 2022**. Plaintiff shall file its opposition by **September 16, 2022**. Brink's shall file its reply by **September 30, 2022**. Defendant's request to stay discovery is DENIED.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 25.

So Ordered.

Dated: July 15, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**


      **Re:**    *Veerji Exports v. Carlos St Mary, Inc., et al.*
                <u>22-cv-03661 (LGS)</u>

Dear Judge Schofield:

      This office represents Plaintiff Veerji Exports ("Veerji") in this matter. We write in response to the pre-motion letter dated July 8, 2022, submitted on behalf of Defendant Brink's Global Services USA, Inc.("Brink's"), concerning an anticipated motion to dismiss and compel arbitration pursuant to an arbitration clause in a contract between the parties, and to request that the Court accept its proposed motion schedule and stay discovery until the motion is decided.[1] Pursuant to the Court's Individual Rule III(C)(2), Veerji has no intention to seek leave to amend its Complaint in response to the Brink's motion. Veerji objects to any stay of discovery, as some discovery is necessary to fully address the motion.

      **<u>Veerji's Responsive Statement Of Relevant Facts</u>**

      As alleged in the Brink's letter, Veerji engaged Brink's, through a Brink's designated agent, to ship a package containing approximately 286 carats of rough diamonds (the "Veerji Diamonds") from India to the Houston-based defaulting co-defendant, Carlos St Mary Inc. The agent issued to Veerji airway bill no. 99120006815 ("Airway Bill 815"), evidencing the terms and conditions for that shipment.

      As is common practice in the diamond industry, the following "Handling Information" was included on Airway Bill 815: "HOLD SHIPMENT FOR FUTURE INSTRUCTION." Veerji also sent a letter dated June 15, 2021, confirming that "following its [the Veerji

---

[1] The Veerji Complaint was served on Brink's on May 13, 2022 (Doc. 13). The time for Brink's to answer or move was extended twice -- once to June 24, 2022 (Doc.17), and then to July 8, 2022 (Doc. No. 21). As noted in its letter application, Brink's would have a briefing schedule that extends to September 30, 2022 (Doc. 25 at 3), during which it wants discovery stayed. Under the Civil Case Management Plan and Order, document discovery is to be concluded by September 8, 2022, and fact discovery would end no later than November 7, 2022 (Doc. 24).

PHILLIPS NIZER LLP

Honorable Lorna G. Schofield
July 14, 2022
Page 2

Diamonds] arrival to (Houston-USA), our shipment will remain in the possession and custody of Brink's and will be released to the consignee [Carlos St May Inc.] only upon our instruction to Brink's to release the shipment."  Brink's understood that it was to holding the Veerji Diamonds until the purchaser (Carlos St Mary, Inc.) inspected and paid for them.

The Veerji Diamonds, transported under Airway Bill 815, did arrive in Houston, but there apparently there was no facility available at the Brink's office for the purchaser to inspect the merchandise. According to a July 28, 2021 email from a Brink's account representative, the shipment was "picked up" by Carlos St Mary:[2]

> Frank Rosner <Frank.Rosner@brinksinc.com>                    Wed, 28 Jul, 8:00 PM
> To: Darshan Sanghavi <veerjiexports5@gmail.com>, Bvc Surat <bvcsurat@bvcgroup.com>, Ariana Gonzalez <Ariana.Gonzalez@brinksinc.com>
> Cc: Carlos Saint Mary <csm@csmnetwork.com>
>
> Parcel is in Houston, where it was picked up by customer, as requested. Customer says he will pay for parcel to return to 580.
>
> Frank Rosner
> Account Executive
> Brink's Global Services | A Division of Brink's, Incorporated
> 580 5th Ave.
> New York, NY. 10036
> Mobile: [redacted] | Office (212) 704-5203 | Email frank.rosner@brinksinc.com
> http://www.brinks.com/

Brink's, working exclusively with defaulting defendant Carlos St Mary, issued a new airway bill, no. 02-1207621 ("Airway Bill 621"), for shipment of the Veerji Diamonds from Houston to New York City, where the merchandise could be inspected.  Veerji did not sign Airway Bill 621, or any documents associated with it.  Carlos St. Mary allegedly paid Brink's for the shipment.  We do not know if any of the instructions associated with Airway Bill 815 were carried over to Airway Bill 621.  More important for purposes of the proposed motion, Veerji has never seen the entire (front and back) of Airway Bill 621, and does not know how the Houston-New York shipment was recorded by Brink's in its records.[3] We do know, however, that Brink's required a new airway bill and payment to send the Veerji Diamonds from Houston to New York City.  We also know that on August 4, 2021, Carlos St Mary was allowed to walk out of the Brink's office with the Veerji Diamonds shipped under Airway Bill 621 without authorization from (or even any notice to) Veerji.  It was not until October 6, 2021, that Brink's advised Veerji that it had released the Veerji Diamonds.

---

[2] In its letter Brink's takes issue with this allegation in the Complaint, but it relies on an email from Brink's own former employee.

[3] Veerji provided Brink's with its communications with the defaulting defendants.  Brink's has not done the same.

3421093.2

PHILLIPS NIZER LLP

Honorable Lorna G. Schofield
July 14, 2022
Page 3

### The Dispute Resolution Clauses And Need For Discovery

The "Dispute Resolution" provision in Airway Bill 815 provided to Veerji includes the following:

> The parties agree that for any claim or dispute arising out of, in connection with, or relating to any Shipment originating in the United States … such claim or dispute shall be adjudicated exclusively in U.S. District Court for the Southern District of New York.

This is <u>not</u> the same language that Brink's references in its letter, and we do not know what language appears in Airway Bill 621.  The theory posed by Brink's that Airway Bill 612 is irrelevant because the Houston to New York shipment was just an "unanticipated leg" under Airway Bill 815 is antithetical to purpose of an airway bill and detail required for one (for example, under the Montreal and Warsaw Conventions, an airway bill <u>must</u> identify the "places of departure and destination"), and is at odds with the known facts.  Airway Bill 815 was not adjusted or amended.  A new one (Airway Bill 612) was issued and paid for to effect a shipment of the Veerji Diamonds from Houston to New York for a separate fee.

A motion to compel arbitration contemplates some discovery, as the "the court considers all relevant, admissible evidence submitted by the parties and contained in the pleadings, depositions, answers to interrogatories, and admissions on file, and admissions on file, together with affidavits, and draws all inferences in favor of the non-moving party." *Myer v. Uber Techs., Inc.*, 868 F.3d 66, 73 (2d Cir. 2017). Discovery in this case  would reveal what happened to the shipment, establish the terms of the contracts in dispute and may aid the Court in determining how they apply. With respect to Airway Bill 612, discovery will reveal what was communicated between Brink's and Carlos St Mary, what terms and conditions were agreed to for that transaction and whether it was recorded as a new shipment or part of a "continuous" one from India, as Brink's suggests.  Discovery may also help determine "whether the parties agreed to arbitrate." *Holick v. Cellular Sales of N.Y., LLC*, 802 F3d 391, 294 (2d Cir. 2015).  Whatever sensitivity Brink's may have concerning disclosure of its failure to secure the Veerji Diamonds should have no bearing on whether discovery -- at a minimum document discovery -- should proceed.

### Conclusion

In sum, the Brink's motion to compel arbitration concerns factual issues that require discovery.  Veerji respectfully requests that the Court deny Brink's request for a stay of discovery pending the motion as there are no extraordinary circumstances to warrant one.

Respectfully Submitted,

*/s/ Michael S. Fischman*
Michael S. Fischman

cc:   Counsel for Brink's (by ECF)

3421093.2