```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
VEERJI EXPORTS,                                               :
                                 Plaintiff,                   :
                                                              :       22 Civ. 3661 (LGS)
         -against-                                            :
                                                              :             ORDER
CARLOS ST. MARY, INC., et al.                                 :
                                 Defendants.                  :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Complaint in this action was filed on May 5, 2022 (Dkt. No. 1). The Complaint alleges that Defaulting Defendant Carlos St. Mary Inc. ("CSMI") acquired $3,275,000 in diamonds from Plaintiff Veerji Exports by fraud and failed to pay all but $1,000 of the purchase price, and that CSMI's principal, Defaulting Defendant Carlos St. Mary ("Carlos," and with CSMI, the "Defaulting Defendants") defrauded Plaintiff in acquiring the diamonds. The Complaint alleges that non-defaulting Defendant Brink's Global Services, Inc. ("Brink's") was grossly negligent in permitting the diamonds to be acquired by CSMI and Carlos.

WHEREAS, on June 3, 2022, Plaintiff served CSMI by delivering a copy of the Complaint and Summons to the Secretary of State of Texas (Dkt. No. 19). Plaintiff had previously made several attempts to locate and personally serve Carlos as the registered agent of CSMI at the address on file with the Secretary of State. "The secretary of state is an agent of an entity for purposes of service of process [if] . . . the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity." Tex. Bus. Orgs. Code § 5.251(1)(B). Plaintiff's service of CSMI thus complies with Texas law and is sufficient pursuant to Federal Rule of Civil Procedure 4(e)(1).

WHEREAS, on June 2, 2022, Plaintiff served Carlos individually by delivering a copy of the Complaint and Summons to the concierge at 777 Preston Street, Suite 19D, Houston, Texas 77002 -- the address believed to be Carlos's apartment building used in connection with the transaction at issue in this case (Dkt. No. 18).  Plaintiffs also served Carlos by delivering a copy of the Complaint and Summons by WhatsApp, the method by which the parties had communicated about the underlying transaction at issue.  Plaintiff attempted personal service on Carlos at the 777 Preston Street address, but the concierge told the process server that Carlos instructed her "that anyone arriving to serve legal papers should be told he is not home."  The declaration submitted under penalty of perjury by Plaintiff's counsel credibly attests to (1) Plaintiff's attempts to serve Carlos personally, (2) the fact that Carlos probably could be found at 777 Preston Street and (3) the fact that WhatsApp will be reasonably effective to give Carlos notice of the suit.  The Court therefore deems Plaintiff's service authorized pursuant to Texas Rule of Civil Procedure 106(b)(1) and (2), and service of process effective pursuant to FRCP 4(e)(1).

WHEREAS, CSMI and Carlos have not answered or responded to the Complaint.

WHEREAS, on July 27, 2022, the Clerk of Court issued Certificates of Default as to CSMI and Carlos (Dkt. Nos. 35, 36).

WHEREAS, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability." *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 35 F.4th 913, 916 (2d Cir. 2022) (internal quotation marks omitted).  But a court may only "enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015); *see Virgin Austl.*

*Reg'l Airlines Pty Ltd. v. JetPro Int'l LLC.*, No. 20 Civ. 6737, 2022 WL 4234551, at *2 (S.D.N.Y. Sept. 14, 2022) ("A court, however, must also determine whether the allegations taken as true establish defendant's liability as a matter of law.").

WHEREAS, the Court has subject matter jurisdiction over the action based on diversity of citizenship pursuant to 28 U.S.C. § 1332.  The Complaint alleges that Plaintiff is a partnership organized under the laws of India of which each partner is a citizen of India; Carlos is a citizen of Texas; CSMI is a Texas corporation with its principal place of business in Texas; and non-defaulting Defendant Brink's is a Delaware corporation with its principal place of business in New York.

WHEREAS, the Court has personal jurisdiction over the Defaulting Defendants.  Carlos and CSMI "transact[ed] business within" New York and Plaintiff's cause of action "aris[es] from" that transaction of business.  *See* CPLR § 302(a)(1), (c).  As alleged in the Complaint, Plaintiff contracted to sell the diamonds at issue to CSMI, through its president and CEO Carlos.  The Defaulting Defendants then directed Brink's to ship the diamonds from Houston to a Brink's facility in New York and picked up the diamonds from that facility, allegedly fraudulently and without paying for them.  The Defaulting Defendants' transaction of business in New York, in which they acquired the very diamonds at issue at issue in this case, "satisfies the minimum contacts component of the due process inquiry," and the exercise of jurisdiction over the Defaulting Defendants "would not offend principles of fair play and substantial justice."  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 173-174 (2d Cir. 2013).  Exercising personal jurisdiction over Carlos and CSMI satisfies due process because they "purposefully availed [themselves] of the privilege of doing business in the forum and [could] foresee being haled into court there." *Id.* at 170 (internal quotation marks omitted).

WHEREAS, the Complaint's allegations establish CSMI's liability for breach of contract as a matter of law.  The Complaint alleges that Plaintiff and CSMI had a valid contract to exchange diamonds for money; Plaintiff provided the diamonds; CSMI took the diamonds and breached the contract by failing to pay for them, causing damages to Plaintiff in the amount of the purchase price less a $1,000 deposit paid by the Defaulting Defendants.  *See Kollatz v. KOS Bldg. Grp.*, 137 N.Y.S.3d 491, 494 (2d Dep't 2020) ("The essential elements of a cause of action to recover damages for breach of contract are (1) the existence of a contract, (2) the plaintiff's performance pursuant to the contract, (3) the defendant's breach of its contractual obligations, and (4) damages resulting from the breach." (internal quotation marks omitted)).  As the Complaint alleges that payment was due before CSMI took possession of the diamonds, the breach occurred when CSMI took the diamonds on August 4, 2021.

WHEREAS, the Complaint's allegations establish both CSMI's and Carlos's liability for fraud as a matter of law.  The Complaint alleges that Carlos, acting on behalf of CSMI, made a contract in which the Defaulting Defendants promised to pay for the diamonds without a then-present intention to perform that promise.  *See, e.g.*, *Braddock v. Braddock*, 871 N.Y.S.2d 68, 72 (1st Dep't 2009) (noting that a promise to perform constitutes a fraudulent misrepresentation "when the defendant had no intention of fulfilling the promise at the time it was given" (citing, e.g., *Lanzi v. Brooks*, 373 N.E.2d 278, 279 (N.Y. 1977))).  "While an inference that the promisor never intended to fulfill his promise should not be based solely upon the assertion that the promise was not, in fact, fulfilled . . . a present intention not to fulfill a promise is generally inferred from surrounding circumstances, since people do not ordinarily acknowledge that they are lying." *Braddock*, 871 N.Y.S.2d at 73 (citations omitted).  The Complaint alleges surrounding circumstances indicating that the Defaulting Defendants' promise was fraudulent,

4

including many false statements made by Carlos to Plaintiffs apparently in order to cover up and delay discovery of the fraud.  In addition to the foregoing misrepresentation of material fact that was known to be false, for similar reasons the Complaint alleges that "the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it," and Plaintiff justifiably did so to its detriment.  *Oxford Health Plans (N.Y.), Inc. v. Biomed Pharms., Inc.*, 122 N.Y.S.3d 47, 52 (2d Dep't 2020) (internal quotation marks omitted).

WHEREAS, "[t]he default does not constitute an admission of damages" and "plaintiff bears the burden of establishing its entitlement to the amount requested." *Virgin Austl.*, 2022 WL 4234551, at *2.  "A district court must establish 'damages with reasonable certainty,' but it is under no obligation to conduct a hearing so long as the court ensures 'that there was a basis for the damages specified in the default judgment.'"  *Id.* (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  "Where a defendant has never appeared in an action, a court may base its determination of damages solely on the plaintiff's submissions." *Id.*  However, the evidence of damages must be admissible.  *In re Terrorist Attacks on Sept. 11, 2001*, No. 03 MDL 1570, 2016 WL 6465922, at *2 (S.D.N.Y. Oct. 31, 2016); *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010) (summary order).

WHEREAS, admissible documentary evidence attached to the declaration of Plaintiff's counsel establishes damages of $3,274,000.00 with reasonable certainty.  The Complaint alleges that "the Veerji Diamonds were insured by Brink's Global Services in the full declared amount of $3,275,000."  The Airway Bill attached to the declaration supports that amount of insurance and hence that purchase price.  Screenshots of WhatsApp messages attached to the declaration show that the Defaulting Defendants made a payment of $1,000, ostensibly to verify that they

5

had the correct account number, and then claimed to attempt to transmit the $3,274,000 balance, but used the wrong account number. This evidence is sufficient to establish with reasonable certainty that the unpaid balance on the contract and the amount of damages is $3,274.000.00.

WHEREAS, the Complaint alleges that the Default Defendants are jointly and severally liable with non-defaulting Defendant Brink's for Plaintiff's damages. The Defaulting Defendants' failure to pay and fraudulent misrepresentation of their intent to pay, along with the negligence of Brink's in releasing the diamonds before payment was made, jointly caused the single, indivisible harm to Plaintiff. Therefore, it is not appropriate to "enter final judgment as to damages until after conclusion of the merits-phase of the proceedings against the actively litigating defendants." *Knowles-Carter v. Feyonce, Inc.*, No. 16 Civ. 2532, 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017); *accord Lin v. Grand Sichuan 74 St. Inc.*, No. 15 Civ. 2950, 2022 WL 195605, at *6 (S.D.N.Y. Jan. 21, 2022). The Court may grant default judgment "as to the *liability* of the [D]efaulting Defendants," but even though no inquest will likely be required, for the reasons above, a final award of damages against the Defaulting Defendants "will have to await the entry of final judgment as to the appearing Defendant[]." *Lin*, 2022 W 195605, at *7.

It is hereby **ORDERED** that Plaintiff's motion for default judgment against Defendants Carlos St. Mary, Inc. and Carlos St. Mary is GRANTED as to liability only.

Dated: October 5, 2022
      New York, New York

                                      LORNA G. SCHOFIELD
                                    **UNITED STATES DISTRICT JUDGE**