Sr.No. 16552 of 20 22
Date: 12 OCT 2022 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

VEERJI EXPORTS,

                Plaintiff,

      -against-

CARLOS ST MARY, INC., CARLOS ST MARY
and BRINK'S GLOBAL SERVICES USA, INC.,

                Defendants.

------------------------------------------------------------- x

22 Civ. 03661 (LGS)

**AFFIDAVIT OF DARSHAN SANGHAVI IN OPPOSITION TO MOTION TO DISMISS**

CITY OF SURAT

STATE OF GUJARAT, INDIA

Darshan Sanghavi, being duly sworn, states the following to be true and correct under penalty of perjury:

1.    I am a partner in plaintiff Veerji Exports ("Veerji"), and as such I have personal knowledge of the facts and circumstances of this action. I submit this Affidavit in opposition to the motion of defendant Brink's Global Services USA, Inc. ("Brink's") to dismiss this action and compel the parties (Veerji and Brink's) to arbitrate the Veerji claim.

2.    In June 2021, Veerji engaged with BVC Brink's Diamond and Jewellery Services LLP ("BVC") for shipment, through Brink's, of approximately 286 carats of rough diamonds (the "Veerji Diamonds") from India to Houston, Texas. As alleged in the Veerji Complaint, we advised BVC that our shipment was to be held by Brink's and not released to the consignee, Carlos St Mary, Inc. ("CSM"), until Veerji received payment, after which we would release the hold. (Veerji Exports and CSM had already agreed on a purchase price of $3,275,000 for the

3465445.1

1

Veerji Diamonds after its principal, Carlos St Mary, inspected the merchandise at our office, and the shipment was insured for this amount.)

3. While we have shipped by Brink's, through BVC, before our shipment to CSM, this was the first instance in which we would have a package held until payment was received. BVC did not advise us that this was a "rare" situation, but instead gave the impression that it was a common practice for Brink's. BVC provided us with a form of letter to prepare, which I put on Veerji letterhead and signed. A copy of that letter is at Exhibit I to the September 2, 2022, Declaration of Abed Z. Bhuyan submitted by Brink's in support of its motion. I was thereafter provided with documentation, confirming that Brink's would ship the Veerji Diamonds under Airway Bill no. 99120006815 ("HAWB 6815") for delivery to CSM in Houston.[1]

4. I never had any doubt that Brink's and Carlos St Mary understood that the shipment would not be released until CSM paid Veerji $3,275,000. In fact, at one point, on June 24, 2021, I received in a WhatsApp chat with Carlos St Mary a copy of an email he received on that day from Frank Rosner at Brink's confirming that Brink's was "still waiting for release instructions from India." (See accompanying Declaration of Michael S. Fischman, Exhibits 8 and 9.) Those instructions were to come from Veerji, and Veerji never authorized release of the shipment under HAWB 6815.

5. At no time was I told that a new airway bill was issued in connection with our shipment of the Veerji Diamonds when it was sent from Houston, Texas, to New York City. Veerji was not provided with any documentation about that shipment from Houston to New York and Brink's never contacted us about releasing the Veerji Diamonds to Carlos St Mary; there was no report from Brink's on August 4, 2021, that our package had been released without approval,

---

[1] I never before this litigation read the back side of the Brink's airway bill so I was not familiar with all its conditions, but we did retain a copy sent to us by BVC.

but we have since learned that this did happen. (See image from security video at Fischman Declaration, Exhibit 20.)

6. As discussed in the Complaint, for many weeks Carlos St Mary falsely led Veerji to believe that the Veerji Diamonds were secured at Brink's. (Complaint, Bhuyan Declaration, Exhibit O, at ¶¶25-38.)

7. It was only after Veerji asked Brink's in late September, 2021, to send the shipment back due to non-payment from CSM (Fischman Declaration, Exhibits 21 and 22), did we come to learn that Brink's handed the Veerji Diamonds over to Carlos St Mary on August 4, 2021.

8. Tellingly, Brink's did not respond and admit that it no longer had the Veerji Diamonds until October 6, 2021, and then only in a very indirect way -- "We [Brink's] are working on getting in contract with the consignee." (Fischman Declaration, Exhibit 23, DEFT-BRINK'S-00471.) Many more emails were ignored until we received from Brink's counsel on August 15, 2021, asking Veerji for information. (Fischman Decl., Exhibit 24.) Veerji cooperated with Brink's, which has never explained what went wrong on its end for its staff to release the Veerji Diamonds to Carlos St Mary.

9. After learning of the loss I received from BVC a copy of an email chain between Brink's and BVC personnel concerning efforts by Brink's to reach Carlos St Mary about the Veerji Diamonds. In those emails, BVC's Yogesh Bansode makes clear to Brink's that its personnel was at fault for releasing our shipment to Carlos St Mary. A copy of the email chain is




annexed to the Fischman Declaration at Exhibit 25. I am advised by counsel that these emails were not produced by Brink's in its document production on September 15, 2022.

10. We have seen the documents produced by Brink's and it appears that there were two shipments of our Veerji Diamonds though Brink's -- the first from India to Houston, and a second from Houston to New York. The hold placed on the first shipment was never carried over to the second one which relied on a separate airway bill and system tracking.

_____
Darshan Sanghavi



Sworn to before me this
12th day of October, 2022.

_____
Notary Public

