UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VEERJI EXPORTS,
                              Plaintiff,

              -against-

CARLOS ST. MARY, INC., et al.,
                              Defendants.
------------------------------------------------------------X

22 Civ. 3661 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on October 14, 2022, Plaintiff filed a memorandum of law in opposition to Defendant Brink's Global Services USA, Inc.'s ("BGS") motion to dismiss and to compel arbitration, as well as a Declaration of Michael S. Fischman and thirty-one exhibits;

      WHEREAS, on October 20, 2022, BGS by email a letter motion to seal Exhibits 5, 6 and 20 to the Fischman declaration (Dkt. Nos. 58-5, 58-6, 58-20; *see also* Dkt. Nos. 55-7, 55-8, 55-22). On October 21, 2022, Plaintiffs submitted a response by email;

      WHEREAS, the three documents at issue have been placed temporarily under seal pending the resolution of BGS's motion;

      WHEREAS, pursuant to the Court's Individual Rule III.B.3, "[e]ach party is limited to a total of 15 exhibits (each not to exceed 15 pages), including exhibits attached to an affidavit/declaration," unless the Court grants a request from the parties for leave to file more;

      WHEREAS, pursuant to the Court's Individual Rule I.D.3, any motion to seal "must be filed in public view" and "should include an appendix that identifies all parties and attorneys of record who should have access to the sealed documents";

      WHEREAS, although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance

competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

WHEREAS, filing Exhibit 6 and a portion of Exhibit 5 under seal and in redacted form is necessary to prevent the unauthorized dissemination of confidential business information and information that could pose a security risk if widely disclosed. Exhibit 6 and pages 22-24 of Exhibit 5 are identical, and they describe BGS's procedures for importation of jewelry and precious stones, which could be utilized either by competitors or by individuals wishing to exploit BGS procedures, as the Defaulting Defendants in this case allegedly did. To the extent some of the same information is disclosed publicly in BGS's motion papers, as Plaintiff argues, that disclosure mitigates any potential harm to the public interest in access to these documents.

WHEREAS, with regard to Exhibit 20, Plaintiff has agreed to "remove the exhibit from its motion," which the Court understands to mean that Plaintiff no longer wishes for the Court to consider Exhibit 20. Therefore, Exhibit 20 is not a judicial document and is not subject to a presumption of public access. *See Lugosch*, 435 F.3d at 119 ("In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'"). It is hereby

**ORDERED** that BGS's motion to seal Exhibits 5, 6 and 20 to the Declaration of Michael S. Fischman is GRANTED. BGS is directed to file a letter on the public docket that (1) includes an appendix identifying all parties and attorneys of record who should have access to the sealed documents, and (2) attaches for public access a redacted version of Exhibit 5. BGS is further

directed to file the same letter on the docket with the Viewing Level restricted to selected parties, i.e., those parties and individuals identified in the appendix referenced above, and which attaches unredacted versions of Exhibits 5, 6 and 20. It is further

**ORDERED** that the parties shall each file on the public docket the letters that they submitted to the Court by email. If either party believes that, even with the exhibits now sealed, they would be harmed by filing their letter motions on the public docket, they shall file on the public docket a letter motion to seal their prior letter motion, which shall be drafted in such a way that it can be filed publicly without redactions. It is further

**ORDERED** that any exhibits beyond each party's fifteenth, and any exhibits that otherwise fail to comply with the Court's Individual Rules, will not be considered in resolving BGS's motion. The parties are advised that continued failure to abide by the Court's Individual Rules concerning motion practice and sealed filings may result in sanctions.

Dated: October 24, 2022
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE