CONFIDENTIAL



**WADE CLARK MULCAHY LLP | ATTORNEYS**

180 Maiden Lane Suite 901  |  New York  |  NY 10038  |  212.267.1900  |  212.267.9470 Fax  |  www.wcmlaw.com

October 20, 2022

*Via Electronic Filing (ECF) to PACER*

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   Veerji Exports v. Carlos St. Mary, Inc., Carlos St. Mary, and Brink's Global Services USA, Inc.
      Docket No.: 1:22-cv-03661 (LGS)

Dear Judge Schofield:

Our office represents defendant Brink's Global Services USA, Inc. ("Brink's) in this matter. We write in response to plaintiff's counsel's letter dated October 17, 2022, and this Court's Order granting plaintiff's request to remove from public view a certain exhibit attached to its October 14, 2022 filing (originally at Dkt. 55) in opposition to defendant Brink's motion to dismiss and compel arbitration. We appreciate counsel's courtesy in seeking to remove the exhibit from the docket and the Court's approval in doing so.

We submit this letter seeking to keep the above-mentioned exhibit (Dkt. 58-20) from public view and also respectfully request that an additional exhibit used by plaintiff in that same October 14, 2022 filing be removed from public view: Exhibit 5, pp. 22-24 (Dkt. 58-5, pp 22-24), and Exhibit 6 (Dkt. 58-6). While it appears in two different exhibits, it is the same three-page letter dated March 11, 2021 addressed to "BGS Affiliates." This letter in Exhibits 5 (Dkt 58-5, pp. 22-24) and 6 (Dkt. 58-6) outlines internal protocols on import services that is sensitive, proprietary and otherwise non-public information. The public has no interest in such a checklist, but competitors may seek to compare their own protocols with Brink's in this regard. Moreover, public disclosure of the multiple internal e-mail addresses and guidance about what subject lines to include in e-mails poses a potential security threat, as it outlines what procedures should be followed – and what is *not* outlined can equally provide a would-be wrongdoer of what measures Brink's does *not* already take. We note here that in briefly conferring with plaintiff's counsel, he has indicated that he would be willing to redact internal e-

mail addresses from this letter, but does not believe the whole document should be sealed. Defense counsel's preference would have been to come to an agreement with opposing counsel quickly, but because of competing schedules and the requirement to provide this letter to the Court as urgently as possible, counsel has not spoken at length about the March 11, 2021 letter.

Secondly, public disclosure of the stills of internal Brink's video surveillance (Exhibit 20, Dkt. 58-20, that was temporarily removed at plaintiff's request, a courtesy which defense counsel appreciates) poses a threat to internal Brink's security as it alerts would-be wrongdoers of what is covered by the cameras at a key Brink's location – and what is *not* covered by the cameras. The images and the surveillance footage itself are sensitive, non-public information. Moreover, the public similarly has no interest in what the video stills show.

Given the scale of fraud often perpetrated against Brink's, both the internal guidance in the March 11, 2021 letter and the internal video surveillance should remain sealed from public view. Moreover, in no way does sealing these internal documents from the public limit plaintiff's advocacy in this matter, either on the limited matter of the origin of the disputed shipment or on the ultimate questions of negligence and liability. On a separate note, the identity of the woman who accompanies the defaulting co-defendant St. Mary is unknown, but she is a non-party to this litigation. The two employees behind the glass are Brink's employees, but are similarly non-parties to this litigation and their images should not be displayed on a public docket.

We respectfully request that viewing rights be provided only to counsel for plaintiff, Michael Fischman, and the undersigned counsel.

We recently provided plaintiff with a confidentiality agreement, which also governs these exhibits that Brink's would like removed from public view. We expect that both parties' counsel will be able to more-than-briefly confer in the coming days regarding that agreement.

We appreciate the Court's consideration of these requests.

Sincerely,

WADE CLARK MULCAHY LLP

/s/
Brian Gibbons

Application GRANTED for the reasons stated in the Order at Dkt. No. 61. The Clerk of Court is respectfully directed to maintain the documents at Dkt. Nos. 55, 58-5, 58-6 and 63 under seal with access limited to the parties and individuals named in Appendix A to Dkt. No. 62, and to close the motion at Dkt. No. 64.

Dated: October 26, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

BG/sg

*/s/*
***Abed Z. Bhuyan***
AB/sg

cc:     Michael Fischman, Counsel for Plaintiff (by e-mail)