# PHILLIPS NIZER LLP

485 Lexington Ave
New York, NY 10017-2643
212.977.9700
Fax 212.262.5152

Defendant Brink's shall file a responsive letter, not to exceed three pages, by **November 29, 2022**.

So Ordered.

Dated: November 18, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *Veerji Exports v. Carlos St Mary, Inc., et al.*
<u>22-cv-03661 (LGS)</u>

Dear Judge Schofield:

This office represents Plaintiff Veerji Exports ("Veerji") in the above matter. Pursuant to Local Rule 3.3 and the Court's Individual Rule III.C.3, we write on behalf of Veerji to request a pre-motion conference to address the failure of Defendant Brink's Global Services USA, Inc.("Brink's") to respond to interrogatories seeking discovery relating to other instances where international shipments with "holds" placed on them by shippers were released from the Brink's New York office without the necessary approval. We have spent approximately one month trying to resolve this dispute, but with no success.

## Discovery Overview

Brink's produced approximately 500 pages of documents on September 15, 2022 in response to Veerji's August 2, 2022 document requests. Upon review of the production it became clear that not all documents that were not produced – see letter dated September 19, 2022, copy annexed hereto as Exhibit A for reference, without referenced attachment. Brink's thereafter supplemented its production with about 100 pages on October 7, 2022, and has advised that there remain some untold number of documents still to be produced, which include documents that Brink's claims are confidential and may not be turned over until the entry of a confidentiality agreement that it has delayed finalizing and executing. We have not received any production from Brink's since October 7, 2022, but have been assured that the complete production, together with a privilege log, will be supplied by next week. See November 10, 2022 joint status letter, at Doc. 72.

## Responses to Interrogatories

Brink's has not, however, committed to providing responses to Veerji's Interrogatory Nos. 3, 4 and 5, which seek information about other instances where a Brink's customer requested that a shipment be held at 580 Fifth Avenue (not every Brink's location) pending

3480884.1

PHILLIPS NIZER LLP

Honorable Lorna G. Schofield
November 17, 2022
Page 2

further instructions before release, but where such shipment was released without receipt of the shipper instructions.[1] These interrogatories were are limited to three years before the loss at issue in this case, but Veerji agreed to limit it to two years if that would resolve any burden claim. (See November 10 status letter, Doc 72, and September 19, 2022, letter at Exhibit A.)

The relevance of the information sought by these interrogatories is clear. According to Brink's, the request for a shipment hold is rare, and recent discovery has revealed that a list was maintained at the Brink's New York office of shipments with "hold" requests. (No such list has been produced, but that may be because the Veerji shipment was erroneously not recorded on it.) If there was an incident at 580 Fifth Avenue similar to the one at issue here then the circumstances of that loss, and what was done (if anything) to prevent it from happening again, would be relevant to the Veerji claims of negligence and gross negligence. It would also be relevant if this was the only incident where a hold request was ignored or missed. We discussed this matter with counsel for Brink's on many occasions over the past month, and have been assured that the defendant is exploring how (and if) it could provide responsive information. Unfortunately, we have received no confirmation that Brink's will supplement its Reponses, and Brink's would not commit to a statement about the interrogatories for the November 10 joint status letter.

Veerji has noticed its first deposition for the early December, 2022, but Brink's discovery delays could jeopardize those plans. Brink's may be hoping that it can delay responding to the interrogatories (or even producing all responsive documents) long enough to secure dismissal on the basis of its pending motion to compel arbitration. Whatever the reason for these delays, Veerji simply cannot wait any longer.

For the foregoing reasons, Brink's requests a pre-motion conference to address the failure of Brink's to respond to Interrogatory No. 3, 4 and 5.

Respectfully submitted,

/s/ Michael S. Fischman

Michael S. Fischman

cc:  Counsel for Brink's (by ECF)

---

[1] Interrogatory 3, as amended, sought the identity of customers or shippers during a period of two years before August 4, 2021, requested a hold of any shipment at the Brink's office at the 580 Fifth Avenue pending further instruction before release, and Interrogatories 4 and 5 sought information, including the identity of the customer or shipper, and declared value of the shipment, on instances where a Brink's personnel at 580 Fifth Avenue released a package without receipt of instructions to do so. A copy of the Brink's response is annexed as Exhibit B hereto.