UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
VEERJI EXPORTS,

                Plaintiff,

            -against-

CARLOS ST MARY, INC., CARLOS ST MARY
and BRINK'S GLOBAL SERVICES USA, INC.,

                Defendants.
------------------------------------------------------------ x

22 Civ. 03661 (LGS)


**PLAINTIFF VEERJI EXPORTS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT UNDER RULE 54(B)**


*PHILLIPS NIZER LLP*
*485 Lexington Avenue*
*New York, New York 10017-2643*
*(212) 977-9700*
*Attorneys for Plaintiff*

3496443.2

## TABLE OF CONTENTS

I. BACKGROUND ...............................................................................................................1

II. ARGUMENT....................................................................................................................3

    A.     FINAL JUDGMENT SHOULD BE ENTERED AGAINST DEFAULTING DEFENDANTS UNDER RULE 54(b) ...............................................................3

        1.     The Court's Order Satisfies the Finality Requirement of Rule 54(b) ..........3

        2.     There is No Just Reason to Delay Entry of Judgment......................................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Curtis-Wright Corp. v. General Elec. Co.*,
  446 U.S. 1 (1980) ................................................................................................................3

*Dayton Superior Corp. v. Spa Steel Prod., Inc.*,
  No. 1:08-CV-1312 FJS RFT, 2010 WL 3825619 (N.D.N.Y. Sept. 24, 2010) ...............4, 5

*Eldredge v. Martin Marietta Corp.*,
  207 F.3d 737 (5th Cir. 2000) ................................................................................................4

*Gillett v. Computer Task Group, Inc.*,
  962 F.2d 1085 (2d Cir. 1992) ...............................................................................................3

*Harriscom Svenska AB v. Harris Corp.*,
  947 F.2d 627 (2d Cir. 1991) .................................................................................................5

**Other Authorities**

C.P.L.R. §5001 ................................................................................................................................5

Fed. R. Civ. P. 54(b) .........................................................................................................1, 3, 4, 5

Rule 55(c) .........................................................................................................................................4

Rule 60(b) .........................................................................................................................................4

Veerji Exports ("Veerji") submits this memorandum in support of its motion pursuant to Fed. R. Civ. P. 54(b) for an order directing that final judgment be entered against defendants Carlos St Mary ("Carlos") and Carlos St Mary, Inc. ("CSM", together Carlos and CSM referred to as the "Defaulting Defendants") from the Order dated October 5, 2022 (Dkt. No. 54, the "Default Order"), granting Veerji's motion for default judgment, on liability only. Given that the action against defendant Brink's Global Services USA, Inc. ("Brink's") has now been stayed in favor of arbitration, Veerji submits that entry of judgment against Defaulting Defendants is now warranted so that Veerji can take steps to try and secure a recovery on its loss. A copy of the proposed Judgment is filed herewith.

In a suit involving multiple claims or parties, an order granting final judgment as to one or more but fewer than all of the claims or parties terminates the action as to such claims or parties if the court expressly determines that there is no just reason for delay and directs entry of judgment. In the absence of such a determination here, efforts to recover payment from the Defaulting Defendants -- the parties most responsible for the Veerji loss -- must wait until conclusion of an arbitration in England against defendant Brink's, and possible motion practice to confirm an award in that case. For the reasons set forth herein, Veerji contends that there is "no just reason" for delaying certification and entry of final judgment against the Defaulting Defendants. Such relief can benefit both Veerji and Brink's.

## I.    BACKGROUND

This action was commenced by Veerji on May 5, 2022 (Dkt. No. 1; Affirmation of Michael S. Fischman dated March 14, 2023, Exhibit A), to recover the sum $3,274,000, representing the unpaid balance due from CSM on the purchase price for approximately 286 carats of rough diamonds (the "Veerji Diamonds"). It is alleged that the Veerji Diamonds were

wrongly and fraudulently procured by defendant CSM and Carlos (through defendant Carlos) from the New York City offices of Defendant Brink's. Notwithstanding numerous promises by CSM that payment would be forthcoming (after weeks of falsely claiming that the Veerji Diamonds were secured in the possession of Brink's), the sum due to Veerji of $3,274,000, representing the $3,275,000 purchase price of the Veerji Diamonds less a payment of $1,000 made by defendant CSM, has not been paid.

Veerji asserted claims of breach of contract and fraud against CSM, as well as claims of fraud and aiding and abetting fraud against Carlos relating to, *inter alia*, the undisclosed intent to secure the Veerji Diamonds without payment and the documented false claims made to Veerji by Defaulting Defendants about the location of the Veerji Diamonds and alleged payments made for them[1]. Veerji also brought suit against Brink's for, *inter alia*, gross negligence in connection with its unexplained (and unexplainable) failure to honor the documented hold on delivery of the shipment pending release instructions from the shipper.

CSM and Carlos were served with the pleadings in this case but did not respond. On July 29, 2022, Veerji moved for a default judgment (Dkt. No. 41) and that motion was granted by the Default Order, but only as to liability until after final judgment is decided as to all defendants. (Dkt. No. 54, Fischman Affirmation, Exhibit B.) Thereafter, by Order dated December 5, 2022 (Dkt. No. 77, the "Arbitration Order", Fischman Affirmation, Exhibit C), this Court granted the Brink's motion to compel arbitration of the Veerji claims asserted against it, and stayed the case until the arbitration concludes. The Arbitration Order ended all pending discovery and related filings in this case. As such, there is no reason to delay entry of judgment against the Defaulting

---

[1] Defaulting Defendants claimed to have attempted payment to Veerji on or about November 17, 2021, and Carlos even sent a page to Veerji from a CSM bank statement to evidence the transaction. (Fischman Affirmation, Exhibit D; Complaint, ¶ 48.) Production from the bank, however, reveals that there never was such a transaction as the bank statement sent to Veerji was, it seems, fabricated. (*Id.*, Exhibit F.)

Defendants, especially given that any recovery against them would reduce the damages asserted against Brink's which tried (unsuccessfully) to recover the Veerji Diamonds from CSM and Carlos when it realized that Brink's personnel wrongly released them.[2]

## II.   ARGUMENT

### A.   FINAL JUDGMENT SHOULD BE ENTERED AGAINST DEFAULTING DEFENDANTS UNDER RULE 54(b)

The Court's Default Order, along with consideration of the Arbitration Order with the stay imposed therein, satisfies the requirements for entry of a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides, in pertinent part:

> When more than one claim for relief is present in an action… *or* when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims *or* parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

(emphasis added). In determining whether entry of judgment under Rule 54(b) is proper, the Court addresses the two issues set forth by the Supreme Court in *Curtis-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980): "A district court must first determine that it is dealing with a 'final judgment.' … Once having found finality, the district court must go on to determine whether there is any just reason for delay." *Id.* at 7-8. As demonstrated below, (1) the Court's recent orders satisfies the finality requirement, and (2) there is no compelling reason for delay.

### 1.   The Court's Order Satisfies the Finality Requirement of Rule 54(b)

Rule 54(b) allows entry of a final judgment when it "ends the litigation" for that party, "and leaves nothing for the court to do but execute the judgment." *Gillett v. Computer Task*

---

[2] As detailed in the Complaint, on August 4, 2021, Brinks released the Veerji Diamonds to Carlos at the Brink's office at 580 Fifth Avenue, New York City, without notice to or approval from Veerji. In fact, Veerji did not learn that the Veerji Diamonds were released to the Defaulting Defendants until notified by Brink's on October 6, 2021, as Carlos repeatedly and falsely led Veerji to believe that they were in the secure possession of Brink's.

3

*Group, Inc.*, 962 F.2d 1085, 1092 (2d Cir. 1992); *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (summary judgment order dismissing all claims against one defendant "was properly on appeal pursuant to Rule 54(b) even though there were claims against other defendants that were not dismissed.") Thus, Rule 54(b) allows entry of a final judgment with respect to a single party even though the judgment does not terminate the litigation with respect to other parties. See *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 28 F.3d 376, 382 (3d Cir. 1994); *Eldredge, Supra.* 207 F.3d at 740.

The Court's Order satisfies the finality requirement of Rule 54(b) because it ended the litigation against the Defaulting Defendants. The Order does not relate to any of the underlying theories of negligence or breach of duty by Brink's, nor does it resolve any of the facts relevant to those claims. Accordingly, entry of a final judgment under Rule 54(b) against the Defaulting Defendants, given that the action against Brink's is stayed, will not result in piecemeal appeals of the same issues on the merits and the finality requirement is thus met. Any effort by the Defaulting Defendants to set aside the Order and/or judgment would require motion practice before this Court pursuant to Rule 55(c) ("the court may set aside an entry of default for good cause.") or Rule 60(b). Brink's and Veerji are left to litigate their claims and defenses in arbitration.

2. **There is No Just Reason to Delay Entry of Judgment**

In determining whether there is any just reason for delay, "the court must balance the judicial administrative interests and relevant equitable concerns." *Dayton Superior Corp. v. Spa Steel Prod., Inc.*, No. 1:08-CV-1312 FJS RFT, 2010 WL 3825619, at *5 (N.D.N.Y. Sept. 24, 2010). "The relevant equitable considerations include the possibility of setoff, the financial solvency of the parties, the ability of a party to collect a judgment, the length of the delay if

judgment is not entered immediately, and the size of the appeal bond required if judgment is entered immediately." *Id.* The "determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991). Brink's has not asserted any claims against the Defaulting Defendants or Veerji, so there is no concern over any set off. There is, however, legitimate concern over the ability of Veerji to collect on a judgment against the Defaulting Defendants, especially given the clear record of false claims and deceit by Carlos. It is also noteworthy that Defaulting Defendants were aware of the claims asserted against them, but chose to allow default judgment being entered presumably because they have no valid defenses.

The amount of damages is not in dispute. As this Court observed in the Default Order:

> admissible documentary evidence attached to the declaration of Plaintiff's counsel establishes damages of $3,274,000.00 with reasonable certainty. The Complaint alleges that "the Veerji Diamonds were insured by Brink's Global Services in the full declared amount of $3,274,000.00." The Airway Bill attached to the declaration supports that amount of insurance and hence that purchase price. Screenshots of WhatsApp messages attached to the declaration show that the Defaulting Defendants made a payment of $1,000, ostensibly to verify that they had the correct account number, and then claimed to attempt to transmit the $3,274,000.00 balance, but used the wrong account number. This evidence is sufficient to establish with reasonable certainty that the unpaid balance on the contract and the amount of damages is $3,274,000.00." (Dkt No. 54, at 5-6.)

## CONCLUSION

There being no just reason for delay, Veerji Exports respectfully requests that this Court direct that final judgment be entered against defendant's Carlos St Mary, Inc. and Carlos St Mary in the amount of $3,274,000, with prejudgment interest awarded against Defendant Carlos St Mary, Inc. only in the breach of contract claim, pursuant to New York C.P.L.R. §5001, calculated from August 4, 2021 (the date the Veerji Diamonds were released by Brink's.

5

Dated: March 14, 2023
       New York, New York

                                          PHILLIPS NIZER LLP
                                          *Attorneys for Plaintiff*

                                          By: _____
                                          Michael S. Fischman
                                          485 Lexington Avenue
                                          New York, New York 10017
                                          (212) 977-9700
                                          mfischman@phillipsnizer.com

6

3496443.2

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2023, I caused a true and correct copy of PLAINTIFF VEERJI EXPORTS' MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT UNDER RULE 54(B), to be served upon Defendant Brink's Global Services USA, Inc., by service upon its counsel as follows: **By ECF: Abed Z. Bhuyan, WADE CLARK MULCAHY LLP.**

*/s/ Michael Fischman*

**Michael Fischman**