UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

VEERJI EXPORTS,

                Plaintiff,

                v.

CARLOS ST MARY INC., CARLOS ST MARY
AND BRINK'S GLOBAL SERVICES USA, INC.,

                Defendants.

------------------------------------------------------------ x

22-cv-03661 (LGS)

**DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AGAINST CARLOS ST MARY INC. AND CARLOS ST MARY**

MICHAEL S. FISCHMAN, an attorney duly admitted to practice law in the State of New York and in the Southern District of New York, declares under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.    I am an partner in the law firm of Phillips Nizer LLP, counsel for Plaintiff Veerji Exports ("Veerji"). I make this affirmation in support of Veerji's motion for an Order directing entry of judgment in the amount of $3,274,000, pursuant to Rule 54(b), against Defendants Carlos St Mary Inc. ("CSM") and Carlos St Mary ("Carlos", together, the "Defaulting Defendants").

## PROCEDURAL HISTORY AND STATEMENT OF CLAIMS

2.    This action was commenced by Veerji on May 5, 2022, to recover the unpaid balance due on the purchase price for approximately 286 carats of rough diamonds (the "Veerji Diamonds") that were wrongly and fraudulently procured by Defaulting Defendant from the New York City offices of Defendant Brink's Global Services USA ("Brinks") on August 4, 2021. Notwithstanding numerous promises by Defaulting Defendants that payment would be forthcoming (after weeks of falsely claiming that the Veerji Diamonds were in the secure

possession of Brink's), the Defaulting Defendants retained the Veerji merchandise without payment. A true and correct copy of the Complaint (Doc. No. 1) is annexed hereto at <u>Exhibit A</u> for reference.

3.      Veerji asserted claims of breach of contract and fraud against defendant CSM, and sought to recover $3,274,000, representing the $3,275,000 purchase price of the Veerji Diamonds less a payment of $1,000 made by that defendant. Veerji also asserted claims of fraud and aiding and abetting fraud against Defendant Carlos relating to, <u>inter alia</u>, the undisclosed intent to secure the Veerji Diamonds without payment and the false claims made by him to Veerji about the location of the Veerji Diamonds and alleged payments made for them.

4.      Defaulting Defendants were served with the pleadings in this case but did not respond. On July 29, 2022, Veerji moved for a default judgment (Dkt. No. 41) and that motion was granted by Order dated October 5, 2022, but only as to liability until after final judgment as to the remaining defendant, Brink's Global Services USA, Inc ("Brink's"). A true and correct copy of the October 5, 2022 Order (Dkt. No. 54, the "Default Order") is annexed hereto as <u>Exhibit B</u>.

As this Court observed in the Default Order:

> admissible documentary evidence attached to the declaration of Plaintiff's counsel establishes damages of $3,274,000.00 with reasonable certainty. The Complaint alleges that "the Veerji Diamonds were insured by Brink's Global Services in the full declared amount of $3,274,000.00." The Airway Bill attached to the declaration supports that amount of insurance and hence that purchase price. Screenshots of WhatsApp messages attached to the declaration show that the Defaulting Defendants made a payment of $1,000, ostensibly to verify that they had the correct account number, and then claimed to attempt to transmit the $3,274,000.00 balance, but used the wrong account number. This evidence is sufficient to establish with reasonable certainty that the unpaid balance on the contract and the amount of damages is $3,274,000.00." (Dkt No. 54, at 5-6.)

2

5.     Thereafter, by Order dated December 5, 2022 (Dkt. No. 77, copy at Exhibit C for reference), this Court granted a Brink's motion to compel arbitration of the Veerji claims asserted against it, and stayed the case until that arbitration concludes. The Arbitration Order ended all pending discovery and related filings in this case.

**A.     Statement Of The Veerji Damages Claim**

6.     As alleged in the Complaint, and referenced in the Default Order, in or about early April 2021, Defendant CSM, by Defendant Carlos, inspected and evaluated the Veerji Diamonds. Defendant CSM thereafter agreed to purchase, and Veerji agreed to sell, the Veerji Diamonds for sum of $3,275,000. The Veerji Diamonds were then shipped through Defendant Brink's with instructions to Brink's that the Veerji Diamonds were to be held until an instruction to release them was given by Veerji. (The instructions to release the Veerji Diamonds would only be given when payment was received by Veerji.)

7.     On August 4, 2021, Brinks released the Veerji Diamonds to Carlos at the Brink's office at 580 Fifth Avenue, New York City, without notice to or approval from Veerji. In fact, Veerji did not learn that the Veerji Diamonds were released to Defaulting Defendants until notified by Brink's on October 6, 2021, as Defendant Carlos repeatedly and falsely led Veerji to believe that they were in the secure possession of Brink's, and Brink's presumed were attempting to reach Carlos about returning them.

8.     Having learned that the Veerji Diamonds were delivered to Defaulting Defendants, Veerji communicated with Defendant Carlos to secure payment.

9.     On November 17, 2021, after numerous promises of payment described in the Complaint, defendant Carlos sent a screenshot of an alleged defendant CSM bank account statement showing a "pending" transfer of $3,274,000 to Veerji (the sale price for the Veerji

3

Diamonds less a payment of $1,000 sent July 16, 2021, allegedly to confirm that proper account number), but the reported transfer used wrong account number for Veerji. The bank statement in Exhibit D showed the alleged payment:

| Date | Description | | Amount |
|---|---|---|---|
| 11/09/21 | ELEMETAL DIR USA DES:TRADE PAY ID:   U198327 INDN:CARLOS ST. MARY, INC. CO ID:1454909042 CCD | | 402,019.25 |
| | Total deposits and other credits | | $8,675,019.25 |

**Withdrawals and other debits**

| Date | Description | | Amount |
|---|---|---|---|
| 11/17/21 | WIRE TYPE:INTL OUT DATE:210716 TIME:1317 ET TRN SERVICE REF:599348 BNF:VEERJI EXPORTS ID:256613338585 BNF BK:INDUSIND BANK LIMITED ID:INDBINBBSUR PMT DET:BCFDMH4LR Services /ACC/INVOICE NO: 88WB-99100006815 | (Pending) | -3,274,000.00 |
| 11/17/21 | DES:* Cash App ID:T200387007188 INDN:CSM Private LLC   CO ID:8800429876 CCD | (Pending) | -207,509.11 |
| 11/17/21 | Zelle Transfer Conf# kio22n3zb; Carlos Saint Mary | | -2,000.00 |

Veerji advised Defaulting Defendant of the erroneous account number immediately upon receipt of the communication, but Carlos insisted that the payment would go through, as also reflected in Exhibit D.[1]

10.     On December 7, 2021, after repeated requests about the payment due for the Veerji Diamonds that Defaulting Defendants wrongly secured from Brink's on August 4, 2021, and for which payment was allegedly made on November 17, 2021 from a CSM account, Defendant Carlos wrote to Veerji:

> Darshan [Veerji], I am big enough to admit when I'm wrong. I just found out that the funds have been returned to my account. This entire time my banker has told me that the funds were in your account. He assured me that you had already been paid and this is why I responded like I had responded. I am overseas and am on the phone constantly trying to get this resolved for you. This was nothing of your fault as it was not my error either, however I am responsible for getting this payment out. I will have it done as quick as I possibly can. Standby. Again my apologies but I had no idea that it had been returned. (Exhibit F.)

---

[1]     Production by Bank of America of the true bank statement for November 2021 reveals no such transaction. (Exhibit E.) It appears clear that the statement sent to Veerji on November 17, 2021 was fabricated.

4

11.     As of this date, Defendant CSM has not paid for the Veerji Diamond beyond the $1,000 it paid on July 16, 2021.

12.     No part of the claimed damages of $3,274,000 sought has been paid, and efforts by Defendant Brink's to recover the Veerji Diamonds were unsuccessful.

WHEREFORE, there being no just reason for delay, it is respectfully requested that this court enter Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as to Defendant Carlos St. Mary, Inc. and Defendant Carlos St Mary in the amount of $3,274,000, with prejudgment interest awarded against Defendant Carlos St Mary Inc. only on the breach of contract claim, pursuant to New York C.P.L.R. § 5001, calculated from August 4, 2021, as well as for such other and further relief as the Court may deem appropriate. There being no just reason for delay, Veerji respectfully requests that the judgment be entered forthwith.

I hereby affirm that he foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 14, 2023
       New York, New York

                                        PHILLIPS NIZER LLP
                                        *Attorneys for Plaintiff*

                                        By: _____
                                            Michael S. Fischman
                                            485 Lexington Avenue
                                            New York, New York 10017
                                            (212) 977-9700
                                            mfischman@phillipsnizer.com

3428304.2